UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY OSUNA,

    Movant,

v.

    File No. 1:08-CV-515

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

                                          /

# **O P I N I O N**

This matter comes before the Court on Movant Mark Anthony Osuna's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, this motion will be denied.

## I.

Movant was indicted on May 8, 2007, for conspiracy to possess, with intent to distribute, more than five kilograms of powder cocaine, fifty grams of cocaine base, and 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Movant pleaded guilty on October 1, 2007, pursuant to a written plea agreement. This Court, on January 14, 2008, sentenced Movant to the mandatory statutory minimum of 120 months of incarceration and five years of supervised release. *United States v. Osuna*, File No. 1:07-CR-06, Dkt. No. 447 (W.D. Mich. Jan. 14, 2008). Movant did not appeal his conviction or sentence. Movant filed his § 2255 motion on June 2, 2008.

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

## III.

Movant seeks relief based on ineffective assistance of counsel, for which he has six distinct claims: (1) counsel failed to object to the late receipt of the pre-sentence report ("PSR"); (2) counsel failed to object to the drug quantity determination in the PSR; (3) counsel failed to object to the calculation of Movant's criminal history level in the PSR; (4) counsel failed to object to the Court's failure to reduce Movant's offense level for minimal participation in the conspiracy; (5) counsel failed to object to the sufficiency of the evidence used to support Movant's conviction for conspiracy; (6) counsel failed to file an appeal despite Movant's indication of his desire to appeal. (Dkt. No. 1, Ex. 1, § 2255 Pet.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

### A. Claims Regarding Sentencing

The government argues that Movant cannot establish prejudice for his first four claims, regardless of their merit, because Movant was sentenced to the statutory mandatory minimum and not under the sentencing guidelines. (Dkt. No. 12, Govt. Resp. 7.) Movant

3

contends that the Court has authority under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to sentence him below the statutory minimum. (Dkt. No. 16, Reply to Govt. 2.) While Movant is correct that it is possible for the Court to impose a sentence below the statutory minimum, this authority is limited and requires a motion from the government explicitly authorizing a departure. 18 U.S.C. § 3553(e). While the government may authorize such a departure in a § 5K1.1 motion without directly citing § 3553(e), it "must in some way indicate its desire or consent that the court depart below the statutory minimum before the court may do so." *Melendez v. United States*, 518 U.S. 120, 126 n.5 (1996).

The government's § 5K1.1 motion states that "[t]he government does not request release of the mandatory minimum unless the bottom end of the guideline range, as determined by the Court before any downward departure, is 120 months or less." (File No. 1:07-CR-06, Dkt. No. 437.) This statement was made in reliance on the Probation Officer's computation of a range of 168-210 months. *Id.* Thus, the Court believes it unlikely that the government anticipated a Court-determined range of 120 months or less. Considering these circumstances, the Court interprets the statement as the government's intent to reserve the right to reverse its decision about not requesting release of the mandatory minimum, if a range of 120 months or less did occur. As the government never authorized that release, the Court finds that it did not possess the authority to depart below the statutory minimum. Therefore, the Court finds that Movant's first four contentions cannot have resulted in prejudice.

However, even if the Court did find that it was authorized to sentence below the statutory minimum, it finds that Movant's first four claims are without merit. Movant first contends that he did not receive the PSR at least thirty-five days before sentencing as required by Fed. R. Crim. P. 32(e)(2). Movant alleges that he did not receive the PSR until the day before his sentencing due to either his counsel not receiving a copy until then or his counsel negligently failing to provide Movant with a copy until then. (Dkt. No. 1, Ex. 1, § 2255 Pet. 23-25.) Even if this allegation was true, Movant's statements at his sentencing indicate that he was not prejudiced by counsel's failure under either alternative:

> THE COURT: Mr. Osuna, have you had an opportunity to carefully review this presentence report with your attorney, Mr. Levine?
>
> DEFENDANT OSUNA: Yes, Your Honor.
>
> THE COURT: Are you satisfied with his representations of you?
>
> DEFENDANT OSUNA: Yes, Your Honor.

(File No. 1:07-CR-06, Dkt. No. 501, at 40.) Moreover, Movant supports his claim of prejudice on the sole basis that "[but] for counsel's unreasonable failure . . . it is clear throughout the other sentencing issues that Osuna has raised in the this [sic] section 2255, that Osuna would have prevailed in obtaining A [sic] lesser sentence." (Dkt. No. 1, Ex. 1, § 2255 Pet. 26.) However, as this opinion demonstrates, the other sentencing issues Movant raises are without merit. Therefore, any failure of counsel with regard to Movant's receipt of the PSR did not prejudice Movant.

Movant also contends that counsel should have objected to the PSR's drug quantity

5

determination, which held him accountable for the cocaine transported in his trucks. However, counsel did object to Movant being held accountable for any cocaine:

> Defendant Mark Osuna objects to the inclusion in report paragraph 45 that he was directly involved in the transportation of cocaine to Lansing, Michigan. As I have discussed with you, my client maintains that he was without knowledge as to the cocaine, crack or powder, aspect of the criminal enterprise. My client, thus, objects to any attribution to him of the cocaine aspect of the conspiracy.
>
> . . . .
>
> Mark Osuna respectfully disagrees with your base offense calculation, as set forth in paragraph 166 . . . . I believe it is more appropriate that Mr. Osuna's base offense level reflect his actual participation in being limited to assisting in the trafficking of marijuana.

(Dkt. No. 12, Attach. 1, Levine Obj. Letter.) Thus, Movant's claim is without merit.

Movant's third contention is that counsel failed to object to the calculation of his criminal history level. He believes his prior marijuana offenses should not have been scored because they did not carry a sentence of more than one year of probation or thirty days of imprisonment, as required by U.S.S.G. § 4A1.2(c)(1). Movant is incorrect. The necessity of one year of probation or thirty days of imprisonment under § 4A1.2(c)(1) is a an exception that only applies to a list of offenses which does not include possession of marijuana or anything similar. Counsel's failure to raise this argument was objectively reasonable and did not prejudice Movant.

Movant lastly contends that counsel failed to object to the Court's failure to reduce Movant's offense level for minimal participation in the conspiracy. Movant received a two-

6

level reduction for minor participation but argues that counsel was ineffective for not pursuing an additional two-level reduction for minimal participation. Minimal participants are "plainly among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2 cmt. n.4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* Movant is correct that he initially became involved in the conspiracy as collateral for his brother. (Dkt. No. 16, at 3.) However, he did not lack knowledge or understanding of the scope of the enterprise. During his plea hearing, Movant admitted to having discussions with the head of the conspiracy concerning the extent of the criminal activities:

> THE COURT: Did you have occasion to talk about what you were doing with Humphry?
>
> DEFENDANT OSUNA: Yes, Your Honor.
>
> THE COURT: Did you have occasion to have him talk to you about the price, quantity, time of delivery and other such things?
>
> DEFENDANT OSUNA: Yes, Your Honor.

(File No. 1:07-CR-06, Dkt. No. 433, at 20.) Even after returning home, Movant continued his participation by knowingly supplying trucks to transport large quantities of drugs from Texas to Michigan. (File No. 1:07-CR-06, Dkt. No. 501, Sent. Tr. 40.) Movant's knowledge of the scope of the conspiracy precludes him from classification as a minimal participant.

Counsel's failure to raise this argument was objectively reasonable and did not prejudice Movant.

**B. Claim Regarding Sufficiency of the Evidence**

In addition to his sentencing claims, Movant contends that counsel failed to object to the sufficiency of the evidence used to support Movant's conviction of conspiracy. The issue of whether or not the government possessed sufficient evidence to convict Movant of conspiracy is moot. A plea of guilty is an admission of all the factual and legal elements needed to sustain a conviction. *United States v. Broce*, 488 U.S. 563, 569 (1989). A knowing and voluntary plea of guilty waives all claims regarding the sufficiency of the evidence. *United States v. Bahur*, 200 F.3d 917, 923 (6th Cir. 2000). Movant pleaded guilty to the conspiracy charge and admits that he "entered a plea that was freely and voluntarily made." (Dkt. No.1, Ex. 1, at 23.) After a thorough hearing, the Court reached the same conclusion: "[T]his plea is made freely and voluntarily and apparently without any promises of lenience or coercion pursuant to a plea agreement." (File No. 1:07-CR-06, Dkt. No. 433, at 24-25.) Thus, this claim was waived when Movant signed the plea agreement. Counsel's failure to raise this argument was objectively reasonable and did not prejudice Movant.

**C. Claim Regarding Failure to File an Appeal**

Movant's final claim is that counsel failed to file an appeal despite Movant indicating his desire to appeal. Movant acknowledges that counsel consulted with him about an appeal. (Dkt. No. 1, Ex. 1, § 2255 Pet. 19.) "If counsel has consulted with the defendant, the

8

question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). While Movant claims that he insisted on an appeal, counsel avers that Movant never directed him to file an appeal. (Dkt. No. 12, Attach. 2, Levine Aff. ¶ 18.) "Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence" *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). "[C]ounsel is strongly presumed to have rendered adequate assistance." *Strickland v. Washinton*, 466 U.S. 668, 690 (1984). The Court finds that Movant's evidence does not satisfy the burden of sustaining his contention nor overcome the presumption of adequate assistance. Movant's only other support for this claim is his allegation that "the record proves that the Movant would have wanted to appeal any sentence that involves the cocaine that he was unaware of and any marijuana he was not directly involved in." (Dkt. No.16, at 2.) While the record indicates Movant's belief that he should not have been sentenced for the cocaine or the entirety of the marijuana, it does not indicate Movant's desire to appeal. Considering Movant's lack of evidence and counsel's affidavit, the Court concludes that Movant's counsel was not ineffective in failing to file an appeal.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the

9

pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims debatable or wrong. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.

Dated: August 17, 2010        /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE